IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

JANICE NORMAN and
VANESSA SMITH,                                    12    007169

    Plaintiffs,

vs.                                               DIVISION J

BRIGHT HORIZONS FAMILY
SOLUTIONS, LLC, d/b/a BRIGHT
HORIZONS CHILDRENS' CENTERS,

    Defendant.
_____/

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiffs, JANICE NORMAN and VANESSA SMITH, by and through their undersigned attorneys and sue the Defendant, BRIGHT HORIZONS FAMILY SOLUTIONS, LLC, d/b/a BRIGHT HORIZONS CHILDRENS' CENTERS, hereinafter referred to as "BRIGHT HORIZONS" and allege:

### JURISDICTION AND VENUE

1.    This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of attorneys' fees, costs and interest.

2.    Venue lies within Hillsborough County because a substantial part of the events giving rise to this claim arose in this Judicial District.

### PARTIES

3.    Plaintiff, JANICE NORMAN, is a resident of Hillsborough County, Florida.

4.    Plaintiff, VANESSA SMITH, is a resident of Polk County, Florida.

5.    Defendant, BRIGHT HORIZONS, is a Limited Liability Company, licensed and

1

authorized to conduct business in the State of Florida and doing business within this Judicial District.

6. Defendant, BRIGHT HORIZONS, is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## FACTUAL ALLEGATIONS

7. Plaintiffs reallege paragraphs one (1) through six (6) as though set forth fully herein.

8. On or about April 17, 2008, Plaintiff, JANICE NORMAN, began her employment with Defendant as a Teacher's Assistant/Floater at Defendant's Queen Palm Drive location in Hillsborough County, Tampa, Florida.

9. Plaintiff, JANICE NORMAN, became Administrative Assistant and would sometimes help in the classrooms at night. Plaintiff, JANICE NORMAN, received positive reviews, raises and awards.

10. On or about January 10, 2011, Plaintiff, VANESSA SMITH, began her employment with Defendant as a Teacher at Defendant's Queen Palm Drive location in Hillsborough County, Tampa, Florida.

11. Defendant, BRIGHT HORIZONS, has a contract with Citibank and provides in-house childcare for the children of Citibank employees.

12. On or about April 15, 2011, Plaintiff, VANESSA SMITH, noticed that Ms. Turner was acting strangely. Ms. Turner was pushing the childrens' chairs in with her foot smashing them against the tables, putting food which had fallen to the floor onto the childrens' plates, slinging children by their legs and arms and slamming them onto their cots, and using the word "shit" in front of the children.

13. On or about April 15, 2011, Plaintiff, VANESSA SMITH, reported to Director, Linda Horner, that she witnessed Teacher, Kristin Turner, physically throw several infant children on the sofa and throw their food on the floor. In addition, VANESSA SMITH reported that she witnessed Kristen Turner using verbally abusive language when speaking to the infants.

14. In addition, Plaintiff, VANESSA SMITH, called the Florida Abuse Hotline and reported these concerns to the Department of Children and Families/Child Protective Services.

15. At lunch time on or about April 15, 2011, Plaintiff, JANICE NORMAN, who was covering for Plaintiff, VANESSA SMITH, witnessed similar abusive behaviors by Kristin Turner and reported these concerns to Program Coordinator/Supervisor, Susan Saunders.

16. On or about April 2011, on the same day Plaintiffs reported Ms. Turner's abuse, Ms. Turner approached Plaintiff, VANESSA SMITH. At this time, Ms. Turner informed Plaintiff, VANESSA SMITH, that Defendant has a contract with Citibank where Ms. Turner's mother is a Manager. Ms. Turner went on to tell Plaintiff, VANESSA SMITH, that she "is not worried" because she is "not going anywhere" and then began laughing.

17. On or about April 15, 2011, after reporting the abuse, Plaintiff, VANESSA SMITH, was written up by Susan Saunders and Assistant Director, Brenda Hayes, for allegedly leaving children unattended.

18. On or about April 18, 2011, Plaintiff, VANESSA SMITH, missed two to three days of work as her blood pressure was elevated.

19. On or about April 20, 2011, Plaintiff, VANESSA SMITH, placed a Complaint with the Hillsborough County Child Care Licensing Board concerning Ms. Turner's inappropriate discipline of the children.

20. On or about April 20, 2011, Plaintiff, VANESSA SMITH, was written up for

calling off sick upon returning to work. At this time, Plaintiff, VANESSA SMITH, submitted a letter to Center Director, Linda Horner, challenging the write up.

21. On or about April 21, 2011, Plaintiff, JANICE NORMAN, was interviewed by Hillsborough County Child Care Licensing Office regarding her complaint that 1) sick children were not being isolated, 2) drinking water was not available and 3) toilets were not working properly.

22. On or about April 22, 2011, Hillsborough County Child Care Licensing conducted an investigation. Plaintiffs, VANESSA SMITH and JANICE NORMAN, and several other employees are interviewed concerning Ms. Turner's behavior toward the children.

23. On or about April 22 or 25, 2011, Plaintiff, VANESSA SMITH, participated in a Department of Children and Families investigation conducted by Kriscetta Edwards, Vernon Kilpatrick and Janice (last name unknown) of Hillsborough County Child Care Licensing. Plaintiff, VANESSA SMITH, was not permitted to return to the classroom ..........see GAO notes.

24. On or about April 28, 2011, Center Director, Linda Horner, advised Plaintiff, VANESSA SMITH, that she knew nothing of Kristen Turner abusing children. Plaintiff, VANESSA SMITH, reminded Ms. Horner that Plaintiff reported the abuse on or about April 15, 2011. Ms. Horner continued to dismiss Plaintiff's concerns and went on to say that she knew of no problems at the center and that Program Coordinator, Susan Saunders, would know if there were issues at the center.

25. On or about April 28, 2011, Human Resources Manager, Therla Kozy, contacted Plaintiff, VANESSA SMITH. Ms. Kozy advised Plaintiff that Program Coordinator, Susan Saunders, stated that she did not notice any problems at the center. Plaintiff, VANESSA

SMITH, advised Ms. Kozy that she witnessed Kristen Turner abusing children and reported this on or about April 15, 2011. Ms. Kozy then referenced a time in March 2011 when Plaintiff, VANESSA SMITH, called off work two days after catching a virus and being examined by a doctor for the condition. Ms. Kozy asked that Plaintiff put this event in writing and Plaintiff agreed to do so.

26    Later in the day on or about April 28, 2011, Md. Horner told Plaintiff, VANESSA SMITH, that she remembered Ms. Smith reporting Ms. Turner's abuse of the children and went on to ask Plaintiff, VANESSA SMITH, how she could afford an attorney.

27.    On or around April 28, 2011, Plainitff, VANESSA SMITH, learned that Wendy Aggorro, also witnessed Ms. Turner's abusive behavior toward the children on April 15, 2011.

28.    On or about May 2, 2011, Plaintiff, VANESSA SMITH, was called approximately five (5) separate occasions by Center Director, Linda Horner, to report to Ms. Horner's office. Each time Ms. Horner questioned Plaintiff, VANESSA SMITH, about Ms. Turner's abuse and attempted to minimize Plaintiff's concerns. During their last meeting, Ms. Horner advised Plaintiff that Defendant would be cutting staff and offered Plaintiff a part time position without benefits.

29.    On or about May 2, 2011, Plaintiff, VANESSA SMITH, prepared a letter to Linda Horner, requesting a transfer as Plaintiff feared additional interrogation and retaliation. Plaintiff knew of three full time positions which had opened at Defendant's location at the Moffitt Cancer Center near the University of South Florida.

30.    On or about May 5, 2011, Plaintiff, VANESSA SMITH, mailed Center Director, Linda Horton, a letter regarding the interrogations of May 2, 2011 and advised Ms. Horton that the interrogations caused Plaintiff stress and asked that the interrogations stop.

31. On or about May 5, 2011, Plaintiff, VANESSA SMITH, received a letter from Regional Manager, Jennifer Todd, stating that Plaintiff's request to transfer had been approved. Ms. Todd sent Plaintiff to Defendant's location near USF Moffitt Cancer Center on Magnolia Drive in Tampa.

32. On or about May 9, 2011, upon Plaintiff, VANESSA SMITH'S, arrival at the Magnolia Drive location, Center Director, Marilyn Fuller immediately stated that Plaintiff had "two strikes" against her: 1) for reporting child abuse at her former location and 2) for "throwing" her (Ms. Fuller) into the middle of "it" as a result. Ms. Fuller told Plaintiff she should resign and that she did not have any full time hours to give Plaintiff. Plaintiff requested a schedule of her hours and Ms. Fuller told caller there were more people against Plaintiff. Plaintiff showed Ms. Fuller a copy of a letter concerning the transfer and Ms. Fuller said she knew nothing about the transfer.

33. On or about May 9, 2011, Plaintiff, VANESSA SMITH, contacted Human Resources Manager, Therla Kozy, to inform her of the retaliation she was experiencing at the new location. Ms. Kozy scheduled a telephone conference for Plaintiff, Regional Manager Jennifer Todd, Center Director Marilyn Fuller, Assistant Director Katina (last name unknown) and Program Coordinator Janet Williams. At this time, Regional Manager, Jennifer Todd, told Plaintiff, VANESSA SMITH, that she (Plaintiff) needed to have respect for her co-workers. Ms. Todd also sarcastically informed Plaintiff that she (Ms. Todd) would not wait to do Plaintiff's employee evaluation.

34. For the next several weeks, Plaintiff, VANESSA SMITH, was singled out and yelled at in front of co-workers, children and parents. Jokes were made that Plaintiff was a child abuser and that Plaintiff locked children in a bathroom at her former location. Other jokes were

made that Plaintiff was a trouble maker because Plaintiff reported child abuse. Plaintiff reported this to Human Resources Manager, Therla Kozy, many times and Ms. Kozy told Plaintiff to trust that it was being taken care of.

35. On or around May 13, 2011, Plaintiff, JANICE NORMAN, returned from vacation and was immediately retaliated against. Specifically, she was demoted from Evening Receptionist to Helper.

36. On or about May 13, 2011, Plaintiff, JANICE NORMAN, sent a written complaint to Human Resources Manager, Therla Kozy.

37. On or about May 16, 2011, Assistant Director, Brenda Hayes, questioned Plaintiff, JANICE NORMAN, about Ms. Turner's abusive behavior toward the children.

38. On or about May 27, 2011, Plaintiff, JANICE NORMAN, received a write-up for allegedly not getting along with other employees.

39. On or about June 15, 2011, Plaintiff, VANESSA SMITH, sent an e-mail to Human Resources Manager, Therla Kozy, and filed an incident report regarding the retaliation and harassment she was experiencing from Center Director, Marilyn Fuller.

40. On or about June 15, 2011, Plaintiff, VANESSA SMITH, received a telephone voice mail message from Debra Williams of Human Resources informing Plaintiff of a meeting which had been scheduled for June 17, 2011 regarding Plaintiff's complaints and concerns.

41. On or about June 17, 2011, prior to the meeting which was scheduled to take place, Ms. Fuller suggested that Plaintiff, VANESSA SMITH, resign as she was going to be terminated.

42. On or about June 17, 2011, Plaintiff, VANESSA SMITH, was called into a meeting to discuss her previous complaints and concerns. While at the meeting with Center

Director, Marilyn Fuller and Regional Director, Jennifer Todd, a phone call was made to Human Resources Manager, Therla Kozy. Ms. Todd then announced that management had prepared an action plan concerning Plaintiff, VANESSA SMITH's, performance. Ms. Todd also stated that the investigation was complete. When Plaintiff asked what investigation, Ms. Todd just smiled. In addition, they read aloud to Plaintiff several accusations against her, including abuse.

43. On or about June 17, 2011, Plaintiff, VANESSA SMTIH, received a formal reprimand for lack of communication and attention to detail as it relates to the care of children.

44. On or after June 17, 2011, Plaintiff, VANESSA SMITH, prepared a written statement in response to the June 17, 2011 reprimand.

45. On or about June 17, 2011, Plaintiff, VANESSA SMITH, filed a formal complaint with the University of South Florida police department regarding a female (name unknown) who came from behind and physically shoved Plaintiff and snatched a child in Plaintiff's care from the diaper changing table.

46. On or about June 17, 2011, Plaintiff, JANICE NORMAN, was terminated by Ms. Todd and Ms. Hayes for allegedly being rude to a teacher.

47. On or about June 19, 2011, Plaintiff, VANESSA SMITH, was placed on administrative leave by Ms. Fuller and no reason was provided.

48. On or about June 20, 2011, Plaintiff, VANESSA SMTH, phoned and e-mailed Ms. Fuller, Ms. Todd and Ms. Kozy for the reason she was placed on administrative leave. In response, Ms. Fuller e-mailed Plaintiff, VANESSA SMITH, a form, which outlined the reasons for the administrative leave.

49. On or about June 23, 2011, Plaintiff, VANESSA SMITH, sent an e-mail to Jennifer Todd regarding the false allegations against her. Plaintiff advised Ms. Todd that the

allegations were retaliatory for reporting Ms. Turner's abusive behavior toward the children.

50. On or about June 23, 2011, Plaintiff, VANESSA SMITH, was terminated by Ms. Todd and Ms. Fuller.

## COUNT I
### (Florida's Private Whistleblower Act)

51. Plaintiffs, VANESSA SMITH and JANICE NORMAN, reallege and adopt, as if fully set forth herein, the allegations stated in paragraphs one (1) through fifty (50).

52. This is an action for damages pursuant to Florida's Private Whistleblower Act, *Florida Statutes* §448.101 *et seq.*

53. The retaliatory actions described above were conducted by Defendant through its agents or employees, in part or in total, because Plaintiffs objected to or refused to participate in the activities, policies, or practices of Defendant which Plaintiffs had a reasonable belief were and/or were in fact violations of a law, rule or regulation. Specifically, Plaintiffs complained of and/or objected to the assault, battery, and child abuse of students at BRIGHT HORIZONS.

54. The retaliatory actions described above were conducted by Defendant through its agents or employees, in part or in total, because Plaintiffs provided information to an appropriate governmental agency, person, or entity conducting an investigation and/or inquiry into an alleged violation of a law, rule or regulation by Defendant. Specifically, Plaintiffs, VANESSA SMITH and JANICE NORMAN, shared information with representatives of the Florida and/or Hillsborough County government in connection with the child abuse investigation of Defendant, BRIGHT HORIZONS.

55. As a result of the retaliatory actions of Defendant, Plaintiffs have suffered damages including: lost wages, benefits, and other remuneration, emotional distress, physical injury and humiliation. These losses are permanent or intermittent and will continue into the

future.

56. As a result of Defendant's unlawful acts against Plaintiffs, VANESSA SMITH and JANICE NORMAN, Plaintiffs have and will continue to incur attorneys' fees, which are recoverable under Section 448.104, *Florida Statutes*.

WHEREFORE, Plaintiffs, VANESSA SMITH and JANICE NORMAN, demand judgment against Defendant, BRIGHT HORIZONS and pray for the following relief:

a. Lost wages and benefits;

b. Prejudgment interest;

c. Other remuneration;

d. Emotional pain and suffering;

e. Attorneys' fees and costs;

f. Reinstatement of position, fringe benefits, and seniority rights;

g. Any other damages allowable by law.

## COUNT II
### (Retaliation Pursuant to Florida's Child Abuse Reporting Statutes)

57. Plaintiffs, VANESSA SMITH and JANICE NORMAN, reallege and adopt, as if fully set forth herein, the allegations stated in paragraphs one (1) through fifty (50).

58. This is an action for damages pursuant to Florida's child abuse reporting laws, Chapter 39, *Florida Statutes*.

59. Plaintiffs, VANESSA SMITH and JANICE NORMAN, were employees of Defendant, BRIGHT HORIZONS, a facility serving children in the State of Florida.

60. The retaliatory actions, reprisal, and discharge described above were conducted by Defendant through its agents or employees, in part or in total, because Plaintiffs, in good faith, reported child abuse at BRIGHT HORIZONS and participated in a governmental

investigation into the good faith complaints of child abuse.

61. As a result of reporting the child abuse at BRIGHT HORIZONS, Plaintiffs suffered detrimental changes in their employment in violation of *Florida Statutes*, §39.203(2)(a)-(b).

62. As a result of the retaliatory actions of Defendant, Plaintiffs have suffered damages including: lost wages, benefits, and other remuneration, emotional distress, physical injury and humiliation. These losses are permanent or intermittent and will continue into the future.

63. As a result of Defendant's unlawful acts against Plaintiffs, VANESSA SMITH and JANICE NORMAN, Plaintiffs have and will continue to incur attorneys' fees, which are recoverable under Section 448.104, *Florida Statutes*.

WHEREFORE, Plaintiffs, VANESSA SMITH and JANICE NORMAN, demand judgment against Defendant, BRIGHT HORIZONS and pray for the following relief:

    a. Lost wages and benefits;

    b. Prejudgment interest;

    c. Other remuneration;

    d. Emotional pain and suffering;

    e. Attorneys' fees and costs;

    f. Reinstatement of position, fringe benefits, and seniority rights;

    g. Punitive Damages;

    h. Any other damages allowable by law.

## DEMAND FOR JURY TRIAL

Plaintiffs request a jury trial on all issues so triable, with respect to the terms and

conditions of their employment.

Dated this ___1st___ day of May 2012.

                                                FLORIN, ROEBIG, P.A.

                                                /s/ Wolfgang M. Florin
Wolfgang M. Florin
FL Bar No: 907804
Gregory A. Owens
FL Bar No.: 0051366
777 Alderman Road
Palm Harbor, FL 34683
(727) 786-5000
(727) 772-9833 facsimile
Attorneys for Plaintiff