UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANICE NORMAN and VANESSA SMITH,

    Plaintiffs,

vs.

CASE NO. 8:12-cv-01301-EAK-TBM

BRIGHT HORIZONS FAMILY SOLUTIONS, LLC, d/b/a BRIGHT HORIZONS CHILDRENS' CENTERS,

    Defendant.

_____

## DEFENDANT'S OBJECTIONS AND ANSWERS TO PLAINTIFF JANICE NORMAN'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Defendant BRIGHT HORIZONS FAMILY SOLUTIONS, LLC, d/b/a BRIGHT HORIZONS CHILDRENS' CENTERS ("Bright Horizons" or "Defendant"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 33, hereby submits its Objections and Answers to Plaintiff JANICE NORMAN'S First Set of Interrogatories to Defendant and states as follows:

### GENERAL OBJECTIONS & RESERVATION

Defendant makes the following objections with respect to each and every interrogatory propounded by Plaintiff and incorporates by reference said objections to each and every answer as if set forth fully herein:

1. Defendant objects to Plaintiff's Interrogatories to the extent they seek information, communications or other matters protected by the attorney-client privilege, the work-product doctrine, the Federal Rules of Civil Procedure, or any other applicable

privilege, doctrine or rule. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work-product doctrine or any other applicable privilege.

2. Defendant objects to Plaintiff's Interrogatories to the extent they require responses that are beyond the scope of discovery permitted under the Florida Rules of Civil Procedure.

3. Answers to these Interrogatories are made without waiving, or intending to waive, but on the contrary, preserving, and intending to preserve: (a) the right to object, on the grounds of competency, privilege, relevance, materiality, or any other proper grounds, to the use of the information provided herein for any purpose, in whole or in part, in any subsequent step or proceeding in the present action or any other action; (b) the right to object at any time on any and all grounds to other discovery procedures involving or relating to information which Defendant has provided herein; and (c) the right to supplement any of the responses propounded herein.

4. The following responses by Defendant to Plaintiff's Interrogatories are expressly subject to the aforementioned general objections and without waiver of any rights thereunder.

5. Since discovery remains in its preliminary stages, Defendant answers Plaintiff's Interrogatories to the best of their present knowledge, information and belief.

6. Defendant reserves the right to supplement their Answers and Objections to Plaintiff's Interrogatories.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

## SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all persons who prepared or furnished information used in formulating the answers to these interrogatories, their sources of information, and all documents and writings upon which they relied in formulating such answers and if applicable, the person's official position or relationship with the party to whom the interrogatories are directed.

### RESPONSE:

No particular individuals prepared or furnished information used in formulating the answers to these interrogatories. File documents were used to formulate the answers. These file documents will be produced in response to the Request for Production of Documents served upon Defendant.

**INTERROGATORY NO. 2:**

Please identify all means and methods of internal communication (including, but not limited to, memoranda, email, instant messaging, text messaging, social networking, etc.) utilized by all employees of Defendant from April 17, 2008 to present.

**RESPONSE:**

Employees utilized oral communications and written communications generally in the form of e-mail and memoranda.

**INTERROGATORY NO. 3:**

Please list the names and last known addresses (if no longer employed by Defendant) of all persons who supervised Plaintiff, in any capacity at any time during Plaintiff's employment.

**RESPONSE:**

Plaintiff's supervisors were: (1) Debra Neverson; (2) Linda Horner; and (3) Brenda Hayes

## INTERROGATORY NO. 4:

Did you ever receive any complaints regarding Plaintiff's job performance? If the answer is yes, include the name of complainant, date and basis of complaint and any investigation or disciple that resulted.

## RESPONSE:

Plaintiff engaged in a number of performance failures, including:

1. May 2008 – Plaintiff walked off the job after a heated confrontation with a co-worker which she later was commented was rooted in her disdain for the work habits of younger employees. Plaintiff rescinded her decision to resign and was brought back to the Center to work at front desk part-time and to cover breaks in the classrooms as needed.

2. July – August 2008 – Plaintiff has an angry confrontation with a teacher in front of a parent over a minor disagreement.

3. July – August 2008 – Plaintiff has another angry confrontation with the Center security guard.

4. August 24, 2010 – Plaintiff was counseled after an incident when she instigated two more hostile outbursts with the Center office manager and with another teacher, both in front of parents.

5. April 2011 – Plaintiff initiated two more hostile confrontations with co-workers over filling out forms.

6. May 19, 2011 – Parents complained that Plaintiff contacted parents at the Center sharing false and inflammatory remarks, alleging that a staff member hurt a child and that Bright Horizons was covering it up.

7. June 6, 2011 – Plaintiff has a very hostile confrontation with co-worker over a small misunderstanding. Plaintiff told employee she needed to "quit running her mouth" and that she could just "go tattle to Ms. Brenda."

8. June 8, 2011 – Plaintiff shouts at another co-worker in a threatening manner over a slight misunderstanding in front of the children.

6

## INTERROGATORY NO. 5:

Identify (as that term is defined above) all persons who participated in the decision to separate Plaintiff's employment with Defendant.

## RESPONSE:

Jennifer Todd, Thearla Kozy and Mark Mendel decided to terminate Plaintiff's employment.

**INTERROGATORY NO. 6:**

Please list each and every reason it was decided to separate Plaintiff's employment with Defendant.

**RESPONSE:**

Plaintiff was terminated because of her record of poor performance as outlined in the Answer to Interrogatory No. 4.

## INTERROGATORY NO. 7:

Please list the date and manner in which Defendant informed Plaintiff that Plaintiff's employment with Defendant had come to an end.

## RESPONSE:

Plaintiff was notified in a meeting June 17, 2011, that her employment was terminated.

## INTERROGATORY NO. 8:

Please provide the name(s), title(s) and current or last known address(es), if no longer employed by Defendant, of all persons who assisted in providing Defendant with information that was used in Defendant's decision to separate Plaintiff's employment and provide with specificity the information that was provided by each such person.

## RESPONSE:

Jennifer Todd (Regional Operations Manager), Thearla Kozy (Regional Human Resources Manager), and Mark Mendel (Division Vice President) reviewed Plaintiff's work history, performance record, and the operative facts in assessing whether to terminate Plaintiff's employment.

**INTERROGATORY NO. 9:**

Identify all person(s), title(s) and current or last known address(es), if no longer employed by Defendant, whom Defendant believes have or may have knowledge concerning the subject matter of this action, the facts or allegations set forth in Plaintiff's Complaint, or the defenses stated in Defendant's Answer, and describe and state with particularity and in detail the knowledge each such person is believed to possess.

**RESPONSE:**

The following are believed to have knowledge concerning the circumstances surrounding Plaintiff's employment, including her performance and ultimate termination:

1. Thearla Kozy, Regional Human Resources Manager.

2. Jennifer Todd, Regional Operations Manager

3. Debra Neverson, Assistant Director

4. Mark Mendel, Division Vice President

5. Linda Horner, Director

6. Susan Saunders, Program Coordinator

7. Others listed in various reports and witness statements – all of which will be produced pursuant to Plaintiff's Request to Produce.

**INTERROGATORY NO. 10:**

If you allege that Plaintiff was terminated for misconduct please identify by name, gender, and date of birth any other employee of Defendant who has engaged in substantially similar misconduct and state whether such employee was terminated or disciplined.

**RESPONSE:**

No other employee was terminated for similar misconduct.

**INTERROGATORY NO. 11:**

Identify all formal and informal complaints, charges, concerns, grievances, allegations, and/or reports of child abuse or neglect from January 10, 2011 to present, made against Defendant (related to location in which Plaintiff was employed) or its current or former employees, divisions, departments or offices, including internal complaints, complaints filed with state or local agencies, and complaints filed in a state or federal court. Include in your response any actions taken by Defendant in response to the complaint.

**OBJECTION:**

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 12:**

Describe each background check, employment reference or other third party information Defendant obtained concerning Kristin Turner before or at the time Defendant hired her.

**OBJECTION:**

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 13:**

Please identify each and every individual who participated in any investigation, including witnesses into the complaint(s) made by the Plaintiff, as Identified in paragraphs 15, 21, 22 and 36 in Plaintiff's Complaint.

**OBJECTION:**

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 14:**

Please identify each and every individual who participated in any investigation, including witnesses into the complaint(s) made by Plaintiff, as identified in paragraphs 15, 21, 22, and 36 in Plaintiff's Complaint.

**OBJECTION:**

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**RESPONSE:**

Subject to and without waiving the foregoing objection and the general objections above, the Hillsborough County Child Care Licensing Office and the Hillsborough County Sheriff's Office Child Protective Investigations Division investigated the claims against Ms. Turner and did not substantiate those allegations. An internal investigation, likewise, did not substantiate the allegations raised by Plaintiff.

**INTERROGATORY NO. 15:**

For each investigation into Plaintiff's complaint(s) identified in paragraphs 15, 21, 22 and 36 of Plaintiff's Complaint, please identify with specificity the outcome of the investigation, including but not limited to, any discipline levied toward any individual.

**OBJECTION:**

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**RESPONSE:**

Subject to and without waiving the foregoing objection and the general objections above, the Hillsborough County Child Care Licensing Office and the Hillsborough County Sheriff's Office Child Protective Investigations Division determined there was no merit to the claims against Ms. Turner and did not substantiate those allegations. An internal investigation, likewise, did not substantiate the allegations raised by Plaintiff.

**INTERROGATORY NO. 16:**

Identify all documents which Defendant contends are relevant to the subject matter of this action.

**RESPONSE:**

All relevant documents are being produced in response to Plaintiff's Request for Production of Documents.

Dated this ___ day of May, 2013.

                                          Respectfully submitted,

                                          LITTLER MENDELSON, P.C.
                                          111 North Magnolia Avenue
                                          Suite 1250
                                          Orlando, Florida 32801-2366
                                          Telephone:  (407) 393-2900
                                          Facsimile:   (407) 393-2929

BY: _____
                                          Carlos J. Burruezo, Esquire
                                          Florida Bar No.: 843458
                                          cburruezo@litter.com

                                          Attorneys for Defendant
                                          BRIGHT HORIZONS FAMILY SOLUTIONS,
                                          LLC, d/b/a BRIGHT HORIZONS CHILDRENS'
                                          CENTERS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May ___, 2013, a copy of the foregoing has been provided via e-mail to the following: Wolfgang M. Florin, Esq., wmf@florinroebig.com, laborservice@florinroebig.com, susan@florinroebig.com, Gregory A. Owens, Esq., Greg Owens, greg@florinroebig.com, glw@florinroebig.com, Florin Roebig, P.A., 777 Alderman Road, Palm Harbor, Florida 34683.

                                          _____
                                          Carlos J. Burruezo, Esquire

Firmwide:120266032.1 050113.1015

20

## VERIFICATION

I have reviewed the above Answers to Interrogatories, and verify that they are true and correct to the best of my knowledge.

Defendant BRIGHT HORIZONS FAMILY SOLUTIONS, LLC, d/b/a BRIGHT HORIZONS CHILDRENS' CENTERS

By: _Jennifer Whitley_

Its: _Representative_

STATE OF _Florida_ )
                   ) SS.
COUNTY OF _Hillsborough_ )

SWORN TO AND SUBSCRIBED before me this _7_ day of _June_, 2013, by _Jennifer Whitley_ who is the _representative_ of Defendant, who is (personally known) to me or has produced _____ as identification.

_Mercedes Gilbert_
(Notary Signature)

(NOTARY SEAL)

Mercedes Gilbert
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _3/11/17_

MERCEDES GILBERT
MY COMMISSION # EE 851812
EXPIRES: March 11, 2017
Bonded Thru Budget Notary Services

19